UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARIA ELINA HAKANIEMI,

                Plaintiff,

     - against -

MARK ZUCKERBERG, MATTI HAKANIEMI, HANNELE HELVO, MARI MEKKO,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4345 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Maria Elina Hakaniemi, proceeding *pro se*, commenced this action and filed a motion for leave to proceed *in forma pauperis* ("IFP") on August 3, 2021. (Dkts. 1, 2.) The Court grants Plaintiff's IFP request pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons below, this action is dismissed.

## DISCUSSION

### I. Legal Standard

Because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's complaint and interprets it "to raise the strongest arguments [it] suggest[s]." *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

At the same time, the Court "shall dismiss" an IFP action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32–33).

**II.     Analysis**

Plaintiff's complaint is nonsensical and does not present any cognizable claim. For example, Plaintiff alleges that she is the founder of Facebook but has not received any bonuses. (Complaint, Dkt. 1, at ECF[1] 5.) Plaintiff further alleges:

> Facebook made 248% upward statistic in May. Zuckerberg Mark told to be 3 rich person on world, emailed to me. My page is visited 200,000 mil[l]ion times in one year. No payment to me. Now the page is closed. Internet answered that Facebook is a part of Google[,] not on stock market visible.

(*Id.* at ECF 4.) Plaintiff seeks $5.6 million. (*Id.*)

Plaintiff's allegations, even liberally construed, can be described only as "wholly incredible" and "clearly baseless." *See Denton*, 504 U.S. at 32–33; *Gallop*, 642 F.3d at 368. Because Plaintiff's allegations are factually frivolous, this action is dismissed. *See Gallop*, 642 F.3d at 368; *cf. Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing plaintiff's claims because they rose "to the level of irrational and wholly incredible"); *Bussie v. Comm'r*, No. 16-CV-7006 (MKB), 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (dismissing complaint as frivolous because plaintiff made "no factual

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

allegations that could arguably support a claim"); *Raoul v. City of New York Police Dep't*, No. 14-CV-1787 (RRM) (CLP), 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (dismissing claims that were "based purely on wide-ranging, incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute [the plaintiff] through tactics ranging from aerial drone surveillance to messages beamed directly into his mind").

The Court would ordinarily provide Plaintiff an opportunity to amend her pleadings. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000). But because the Complaint is devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment, leave to amend is denied, and this frivolous action will not proceed further. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Khalil*, 2018 WL 443343, at *4 (dismissing complaint without leave to amend); *Bussie*, 2017 WL 395113, at *3 (same); *Raoul*, 2015 WL 1014204, at *3 (same).

Finally, Plaintiff is warned that this Court will not tolerate frivolous litigation.[2] *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (internal quotations, citations, and brackets omitted)); *see also Pandozy v. Tobey*, 335 F. App'x 89, 91–92 (2d Cir. 2009) (summary order) (upholding the district court's imposition of sanctions against a "vexatious" litigant).

---

[2] The Court notes that this is Plaintiff's third frivolous complaint filed in this Court. *See Hakaniemi v. Gates*, No. 18-CV-7188 (PKC) (LB); *Hakaniemi v. Legere*, No. 19-CV-530 (PKC) (LB).

## CONCLUSION

The Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 12, 2021
      Brooklyn, New York